UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

|  |  |
|---|---|
| PAT RICHTER,<br>a citizen of Illinois,<br>　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>INSTAR Enterprises International, Inc,<br>s/h/a a New Jersey Corporation,<br><br>　　　　　　　　　Defendant. | Case No. 08-C-50026<br><br>Judge Kapala<br>Magistrate Judge<br>Mahoney |

**MOTION TO DISMISS**

NOW COMES Defendant, INSTAR Enterprises International, Inc., by and through its attorney, Randolph Volkell, and hereby requests that the within action be dismissed. In support of this Motion, Defendant states as follows:

1. Federal Rule of Civil Procedure 12(b) provides in relevant part that defendant may move for dismissal based upon, *inter alia*, (2) lack of jurisdiction over the person and (3) improper venue.

2. As set forth in the accompanying affidavit of Gary Rogers, dated April 30, 2008 and supplemental affidavit of Gary Rogers, dated May 16, 2008, as well as the accompanying memorandum of law, this court lacks *in personam* jurisdiction over defendant and venue is not proper here.

3. No employee or agent of INSTAR has set foot in Illinois at any relevant time or for any relevant purpose. INSTAR has not sold

a single allegedly infringing design to any customer in Illinois, nor is any such sale alleged.

4. It is well settled in this district that "intellectual property infringement takes place in the state of the infringing sales, rather than the state of the [intellectual property] owner's domicile for purposes of the Illinois long-arm statute." *Berthold Types v. European Mikrograf*, 102 F.Supp.2d 928, 932 (N.D.Ill. 2000).

5. In short, INSTAR has had no contact at all with Illinois with respect to the events complained of and there is, therefore, no basis to find specific jurisdiction.

6. INSTAR's contacts with Illinois are also far less than would be necessary to establish general jurisdiction.

7. Beginning with *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), jurisdiction is permissible only when the defendant's activity in the forum is continuous and systematic.

8. INSTAR never had a physical presence in Illinois; its contact with Illinois has been *de minimis*, and clearly does not support a finding of general jurisdiction.

9. Finally, venue is improper because not a single relevant event took place in this district. In contrast, every event took place in New Jersey, all relevant records are in New Jersey, and most if not all of the potential fact witnesses are in New Jersey.

WHEREFORE, for the above and foregoing reasons, as well as all of the reasons set forth in the accompanying papers, defendant hereby moves the Court to grant the within motion to dismiss the complaint as set forth above, and to award defendant all other relief just and proper in the premises.

Dated: May 19, 2008

                                      Respectfully submitted,

                                      Randolph Volkell
                                      Attorney for Defendant
                                      14 Woodland Terrace
                                      Merrick, NY 11566
                                      (516) 771-0300

                                      Michelle L. Landon
                                      Attorney for Defendant
                                      Picha, Salisbury & McCumber, LLC
                                      1639 North Alpine Road
                                      Rockford, IL 61107
                                      (815) 227-4300

To:

Jill M. Kastner, Esq.
Reinhart Boerner Van Deuren
Attorneys for Plaintiff
1000 North Water Street
Milwaukee, WI 53202