UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

|  |  |
|---|---|
| PAT RICHTER, <br> a citizen of Illinois, <br>               Plaintiff, <br> <br>     -against- <br> <br> INSTAR Enterprises International, Inc, <br> s/h/a a New Jersey Corporation, <br> <br>               Defendant. | Case No. 08-C-50026 <br> <br> Judge Kapala <br> Magistrate Judge <br> Mahoney |

**DEFENDANT'S MEMORANDUM OF LAW**

Preliminary Statement

This memorandum of law is respectfully submitted on behalf of defendant, in support of the within motion to dismiss. The relevant facts are set forth in the affidavit of Gary Rogers (the "Rogers Aff.") and the supplemental affidavit of Gary Rogers (the "Supp. Aff.").

1

POINT I
===
THIS COURT DOES NOT HAVE *IN PERSONAM* JURISDICTION OVER DEFENDANT.

Although the Court has subject matter jurisdiction of the federal question claims brought by plaintiff, defendant does not have sufficient contacts with Illinois for this Court to have *in personam* jurisdiction over INSTAR. The action must, therefore, be dismissed.

Plaintiff alleges jurisdiction based on the Illinois long-arm statute, 735 I.L.C.S. §5/2-209; the fact that plaintiff's injury "will be felt mainly in Illinois where [plaintiff] is located;" the fact that INSTAR has a website; and the fact that the copyrighted materials were "developed" and "owned" in Illinois (Complaint, ¶ 5). None of these reasons supports either specific or general jurisdiction. The complaint does not allege that INSTAR made a single sale in Illinois.

The long-arm statute cannot confer jurisdiction over INSTAR within the limitations of the Due Process clause. Since it is not even alleged that INSTAR either transacted business or committed a tortious act in Illinois, plaintiff must rely on the "catch-all" provision in §5/2-209 (c), conferring jurisdiction "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." The Seventh Circuit has ruled that "there is no operative difference between the limits imposed by the Illinois Constitution and the

federal limitations on personal jurisdiction." *Hyatt International Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002).

In general, under *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), jurisdiction is permissible when the defendant's activity in the forum is continuous and systematic and the cause of action is related to that activity. *Helicopteros Nationales De Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) recognizes a distinction between "general" and "specific" jurisdiction.

A court may assert jurisdiction over a defendant whose continuous activities in the forum are unrelated to the cause of action sued upon when the defendant's contacts are sufficiently substantial and of such a nature as to make the state's assertion of jurisdiction reasonable ("general" jurisdiction). Even a defendant whose activity in the forum is sporadic, or consists only of a single act, may be subject to the jurisdiction of the forum's courts when the cause of action arises out of that activity or act. ("specific" jurisdiction). The threshold for satisfying minimum contacts is higher in general than in specific jurisdiction cases, since courts "cannot simply aggregate all of a defendant's contacts with a state...as evidence of the constitutionally-required minimum contacts." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997).

The Due Process Clause requires that a state's assertion of jurisdiction must not "offend traditional notions of fair play and substantial justice," *International Shoe*, 326 U.S. at 316.

Even foreseeability that the product would reach the forum state is not alone sufficient; rather, "the defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Central States v. Reimer Express*, 230 F.3d 934, 943 (7th Cir. 2000).

The defendant must have "purposefully established minimum contacts with the forum State." *Burger King v. Rudzewicz*, 471 U.S. 462, 476-7 (1985). Territorial presence is an important factor, although it can be overlooked if the commercial defendant directs its efforts toward a particular jurisdiction. *Calder v. Jones*, 465 U.S. 783, 788-9 (1984); *Purdue Research Foundation v. Sanofi-Synthelabo*, 338 F. 3d 773, 781 (7th Cir. 2003). In this case, INSTAR neither had a physical presence in Illinois nor directed its efforts toward the state, and had absolutely no reasonable expectation of being sued in Illinois.

Although jurisdiction in *Calder v. Jones*, *supra*, was based on impact within the forum state, that case was unusual and the Court found the offensive activity to have been deliberately directed into the forum. This case, however, is readily distinguishable from *Calder*.

In *Janmark v. Reidy*, 132 F.3d 1200 (7th Cir. 1997), the Seventh Circuit found jurisdiction based on the impact of a tortious act, but it was based on the cancellation of an order in the forum state. This court, in *Berthold Types v. European Mikrograf*, 102 F.Supp.2d 928, 932 (N.D.Ill. 2000), dealt with a fact pattern much closer to this case, finding that

"intellectual property infringement takes place in the state of the infringing sales, rather than the state of the [intellectual property] owner's domicile for purposes of the Illinois long-arm statute."

Addressing the *Janmark* ruling, the court noted that "in the context of a trademark violation, Illinois courts have found that the place of the sale, not the place of the economic harm, determines jurisdiction." *Id*, at 932, fn.1. INSTAR did not sell any allegedly infringing designs in Illinois, nor does plaintiff allege any such sale. In fact, although several decals found their way into Illinois in the possession of third parties (Rogers Aff., ¶¶ 10-12), it does not appear that any were sold there, even by a third party, nor is such a sale alleged in the complaint.

Before deciding *Janmark*, the Seventh Circuit had discussed the same issue in *Indianapolis Colts v. Metropolitan Baltimore Football Club*, 34 F.3d 410, 412 (7th Cir. 1994), in which the court noted that underlying a finding of jurisdiction in the forum state, the court found that "defendant had also 'entered' the state in some fashion, as by the sale (in *Calder*) of the magazine containing the defamatory material." There was no such entry by INSTAR in this case.

Even under the facts of *Janmark*, where there was an "act" in the forum state, virtually every other court that has addressed the issue has concluded that in order for impact to support jurisdiction, *Calder* requires that the tortious activity be expressly aimed at the forum state. *E.g., IMO Industries v.*

5

*Kieker AG*, 155 F.3d 254, 263 (3d Cir. 1998). In this case, however, as in *Berthold Types, supra,* there was no act at all in Illinois, and the Due Process clause does not permit jurisdiction here.

INSTAR has thus taken no act in or directed at Illinois that would give this court specific jurisdiction over INSTAR. Additionally, like the Lanham Act, the Copyright Act does not authorize national service of process. *Janmark, supra*, at 1201.

The court also lacks general jurisdiction over INSTAR. INSTAR is a small company with only four full-time employees (Rogers Aff., ¶ 3). While it does have an interactive website, that alone is not enough to subject it to jurisdiction in every court in the nation; the traditional concepts of fair play and substantial justice still apply. The mere existence of INSTAR's website does not constitute the sort of "systematic and continuous" contact required for Illinois to have *in personam* jurisdiction over INSTAR. Indeed, approximately 60% of INSTAR's annual sales, which were only about $900,000 last year, are to a single company, Westminster Ceramics, located in Georgia (Supp. Aff., ¶ 3).

INSTAR does not have a place of business or an agent in Illinois, nor is it licensed to do business there. Its sales to Illinois are *de minimis,* (Rogers Aff., ¶ 4; Supp. Aff. ¶¶ 4-6), well short of any reasonable threshold for general jurisdiction. In order to assert jurisdiction here, the court would have to hold that the mere existence of an interactive website is sufficient to confer jurisdiction in every district in the

6

country.  We have found no case that supports such a ruling.

In *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997), the Ninth Circuit considered jurisdiction based on a website alone.  The Arizona long-arm statute exerted *in personam* jurisdiction "to the maximum extent allowed by the federal constitution."  The case involved alleged trademark infringement by a Florida corporation, which used on its website the same mark as an Arizona corporation.  The Ninth Circuit affirmed a decision by the Arizona district court not to exercise jurisdiction, finding that defendant had not purposely availed itself of Arizona. *Id*, at 419-20.

This court lacks either general or specific jurisdiction over INSTAR, and the complaint must be dismissed.

**POINT II**
VENUE DOES NOT LIE IN THE NORTHERN
DISTRICT OF ILLINOIS.

Venue is not appropriate in this district since the only connection to the district is plaintiff's residence here.  The action should, therefore, be transferred to the District of New Jersey.

> 28 U.S.C. 1391(b) provides:
> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Each of the sub-sections describes one and only one judicial district, the District of New Jersey. The fact that the plaintiff in a copyright case resides in a district or created the work in question there does not make venue appropriate in that district. *Gaines, Emhof, Metzler & Kriner v. Nisberg*, 843 F.Supp. 851, 854 (W.D.N.Y. 1994)(the fact that the work in question was created in the district is insignificant; "events or omissions giving rise to the claim" focus on actions of defendant rather than plaintiff ); *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F.Supp. 1195 (D.N.J. 1993).

In order for "a substantial part of the events or omissions" to have occurred in the district, some act relevant to the alleged infringement would have to have taken place here. For example, in *Panterra Engineered Plastics, Inc. v. Transportation SYS. Solutions, LLC.*, 455 F.Supp.2d 104 (D.Conn. 2006), the alleged scheme to steal intellectual property was hatched in Connecticut, and several acts of implementation took place there as well. In this case, however, no agent or employee of INSTAR was ever present in Illinois during the

relevant time frame.

It can also not be successfully argued that "a substantial part of property that is the subject of the action is situated" in Illinois, as INSTAR acquired the allegedly infringing designs in New Jersey and, except for the 239 that were sold, they are still in New Jersey. None of the 239 decals in question was either billed or shipped to Illinois (Rogers Aff., ¶¶ 6-8).

In an analogous case, a manufacturer brought a Lanham Act claim against a competitor who had disparaged the plaintiff's products. The location of plaintiff's inventory in New York did not render venue proper there. *Bassili v. Chu*, 242 F.Supp.2d 223, 231 (W.D.N.Y. 2002). Similarly, the location of plaintiff's copyrights, if they can be said to be located here, does not make this district the appropriate venue for this action.

Tile Art, a New Jersey entity, transferred the decals in question to INSTAR in New Jersey. INSTAR stored them in New Jersey and shipped them from New Jersey. All of the fact witnesses who are associated with either Tile Art or INSTAR are located in New Jersey. All of the relevant sales records are located in New Jersey. All of the defendants and potential third party defendants (Tile Art) are in New Jersey.

Venue in the Northern District of Illinois is completely improper. This action was brought here for the sole purpose of making defense untenable for INSTAR, and it must be dismissed for improper venue. Alternatively, even if the action is not

9

dismissed, venue should be changed, in the interest of justice, to New Jersey, pursuant to 28 U.S.C. § 1404.

**CONCLUSION**

FOR ALL OF THE REASONS STATED HEREIN, THE COURT SHOULD GRANT THE WITHIN MOTION AND DISMISS THE COMPLAINT.

Dated: May 19, 2008

                                      Respectfully submitted,

                                      Randolph Volkell
                                      Attorney for Defendant
                                      14 Woodland Terrace
                                      Merrick, NY 11566
                                      (516) 771-0300

                                      Michelle L. Landon
                                      Attorney for Defendant
                                      Picha Salisbury &McCumber
                                      1639 North Alpine Road
                                      Rockford, IL 61107
                                      (815) 227-4300

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

|  |  |
|---|---|
| PAT RICHTER,<br>a citizen of Illinois,<br>　　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>INSTAR Enterprises International, Inc,<br>s/h/a a New Jersey Corporation,<br>　　　　　　　　　Defendant. | Case No. 08-C-50026<br><br>Judge Kapala<br>Magistrate Judge<br>Mahoney |

STATE OF NEW JERSEY }
　　　　　　　　　　　} ss:
COUNTY OF MIDDLESEX }

GARY ROGERS, being duly sworn, deposes and says:

1. I am the senior vice president of INSTAR Enterprises International, Inc. ("INSTAR"), the defendant herein.

2. I make this affidavit in support of the within motion.

3. INSTAR has no ongoing contact with Illinois. We are a small company with four full time employees, located in New Jersey.

4. INSTAR does not have a place of business or an agent in Illinois, nor is it licensed to do business there. INSTAR has no "continuous" or "systematic" contact with the state.

5. Indeed, the only bases alleged in the complaint in support of this Court's jurisdiction are that plaintiff resides in Illinois and that INSTAR has a website which can be accessed from Illinois. These two allegations are simply insufficient to confer on this Court general *in personam* jurisdiction.

6. I have reviewed our database and determined that INSTAR sold a total of 239 decals of the seven designs which form the basis for the complaint herein. Total gross revenues from sales were less than $500.00.[1]

7. None of those decals was either billed or shipped to the State of Illinois.

8. INSTAR obtained the decals from a company called Tile Art, which I believe is an LLC, a licensee of plaintiff.

9. I learned from plaintiff's husband by telephone, on November 16, 2007, that plaintiff claimed that we did not have the right to sell the decals, and I removed them from our website the same day.

10. Mr. Richter had seen several of the decals at a craft show at Arlington Racetrack, in Illinois, on the weekend of November 8-11, 2007.

11. INSTAR had sold the decals in question to a customer in Minnesota.

12. They were fired onto tiles and transferred by that customer to a woman in Wisconsin, who attached the tiles to furniture and brought them to Illinois where she displayed them at the craft show.

13. With regard to the subject matter of this action, that

---

[1] Most or all of the decals sold were discounted from the list price on INSTAR's website.

is INSTAR's only contact with Illinois. It is patently insufficient to confer specific jurisdiction on this Court.

14. Even if the Court did have *in personam* jurisdiction over INSTAR, however, venue would not be proper here.

15. Other than plaintiff, all of the witnesses and relevant evidence are located in New Jersey.

16. INSTAR, of course, is located in New Jersey, as are its books and records and all remaining copies of the allegedly infringing designs.

17. On information and belief, Tile Art, plaintiff's licensee and the entity that transferred the designs to INSTAR, is a New Jersey LLC.

18. Despite the assertion in the complaint that "a substantial part of the events giving rise to the claim have occurred in this District (Complaint, ¶ 6)," the fact is that no relevant event has occurred here, no relevant evidence is located here and jurisdiction does not lie here.

WHEREFORE, the within motion should be granted in its entirety.

_____

Sworn to before me this 30th day of April, 2008

_____
Notary Public

TIA LYN RICARDO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires June 27, 2012

-3-

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

PAT RICHTER,  )  Case No. 08-C-50026
a citizen of Illinois,  )
                  Plaintiff,  )
                    )  Judge Kapala
   -against-  )  Magistrate Judge
                    )  Mahoney
INSTAR Enterprises International, Inc,  )
s/h/a a New Jersey Corporation,  )
                    )  **SUPPLEMENTAL**
                Defendant.  )  **AFFIDAVIT**

STATE OF NEW JERSEY }
                     } ss:
COUNTY OF MIDDLESEX }

    GARY ROGERS, being duly sworn, deposes and says:

    1.   I am the senior vice president of INSTAR Enterprises International, Inc. ("INSTAR"), the defendant herein.

    2.   I make this affidavit in further support of the within motion.

    3.   Last year, INSTAR's total sales were approximately $900,000. Approximately 60% of those sales were to a single customer, Westminster Ceramics, located in Georgia.

    4.   A check of our database shows that none of INSTAR's hundred largest customers is in Illinois. The 100th customer did $659.66 in business in 2007.

    5.   Those hundred customers represent approximately 90% of INSTAR's total business and most of them are traditional mail/fax order customers.

    6.   We have no significant customer in Illinois. It is highly unlikely that more than about 1/10 of 1% of our business comes from Illinois.

7. INSTAR does not advertise or directly solicit business in Illinois.

8. INSTAR thus has no "continuous" or "systematic" contact with Illinois, including internet orders.

WHEREFORE, the within motion should be granted in its entirety.

*[signature]*

Sworn to before me this 16th day of May, 2008

*[signature]*
Notary Public

TIA LYN RICARDO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires June 27, 2012

-2-