UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

|  |  |
|---|---|
| PAT RICHTER,<br>a citizen of Illinois,<br>　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>INSTAR Enterprises International, Inc,<br>s/h/a a New Jersey Corporation,<br><br>　　　　　　　Defendant. | Case No. 08-C-50026<br><br>Judge Kapala<br>Magistrate Judge<br>Mahoney |

**MOTION
PURSUANT TO RULE 11**

NOW COMES Defendant, INSTAR Enterprises International, Inc., by and through its attorney, Randolph Volkell, and hereby requests sanctions against plaintiff, Pat Richter. In support of this Motion, defendant states as follows:

1. Federal Rule of Civil Procedure 11(b) provides in relevant part that:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for

>       establishing new law;
>
>       (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....

2. Plaintiff is fully aware, and we have informed counsel on numerous occasions, that this Court does not have *in personam* jurisdiction over defendant.

3. The relevant facts regarding jurisdiction are set forth in the affidavit of Gary Rogers, Exhibit A hereto, sworn to on April 30, 2008, which will be attached to a motion to dismiss. That motion will be filed before the deadline for response to the complaint herein.

4. The facts set forth therein have been expounded on several occasions to plaintiff's counsel, and most recently confirmed by letter dated March 7, 2007, a copy of which is attached as Exhibit B.

5. This action is brought in bad faith for the sole purpose of extorting a large settlement from defendant.

6. Plaintiff's deliberate choice of this Court is intended to make defense untenably expensive for INSTAR, a small corporation with only four full-time employees.

7. I have reiterated several times to counsel the entire substance of the Rogers affidavit, Exhibit A, and they are able to confirm many, if not all, of the relevant facts with plaintiff.

8. Plaintiff's insistence on proceeding in Illinois, knowing that neither jurisdiction nor venue is proper here, is a strong manifestation of the bad faith underlying the complaint herein.

9. The allegations of jurisdiction and venue contained in paragraphs 4-6 of the Complaint directly violate Rule 11(b)(1), (2) and (3).

WHEREFORE, for the above and foregoing reasons, defendant hereby moves the Court to award sanctions pursuant to Rule 11(c), and to award defendant all other relief just and proper in the premises.

Dated: May 7, 2008

>Respectfully submitted,
>
>*Randolph Volkell*
>Randolph Volkell
>Attorney for Defendant
>14 Woodland Terrace
>Merrick, NY 11566
>(516) 771-0300
>
>*Michelle L. Landon*
>Michelle L. Landon
>Attorney for Defendant
>Picha, Salisbury & McCumber
>1639 North Alpine Road
>Rockford, IL 61107
>(815) 227-4300

To:
Jill M. Kastner, Esq.
Reinhart Boerner Van Deuren
Attorneys for Plaintiff
1000 North Water Street
Milwaukee, WI 53202

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

PAT RICHTER, ) Case No. 08-C-50026
a citizen of Illinois, )
                      Plaintiff, )
) Judge Kapala
    -against- ) Magistrate Judge
) Mahoney
INSTAR Enterprises International, Inc, )
s/h/a a New Jersey Corporation, )
)
                      Defendant. )

STATE OF NEW JERSEY }
                      } ss:
COUNTY OF MIDDLESEX }

    GARY ROGERS, being duly sworn, deposes and says:

    1.    I am the senior vice president of INSTAR Enterprises International, Inc. ("INSTAR"), the defendant herein.

    2.    I make this affidavit in support of the within motion.

    3.    INSTAR has no ongoing contact with Illinois. We are a small company with four full time employees, located in New Jersey.

    4.    INSTAR does not have a place of business or an agent in Illinois, nor is it licensed to do business there. INSTAR has no "continuous" or "systematic" contact with the state.

    5.    Indeed, the only bases alleged in the complaint in support of this Court's jurisdiction are that plaintiff resides in Illinois and that INSTAR has a website which can be accessed from Illinois. These two allegations are simply insufficient to confer on this Court general *in personam* jurisdiction.

6. I have reviewed our database and determined that INSTAR sold a total of 239 decals of the seven designs which form the basis for the complaint herein. Total gross revenues from sales were less than $500.00.[1]

7. None of those decals was either billed or shipped to the State of Illinois.

8. INSTAR obtained the decals from a company called Tile Art, which I believe is an LLC, a licensee of plaintiff.

9. I learned from plaintiff's husband by telephone, on November 16, 2007, that plaintiff claimed that we did not have the right to sell the decals, and I removed them from our website the same day.

10. Mr. Richter had seen several of the decals at a craft show at Arlington Racetrack, in Illinois, on the weekend of November 8-11, 2007.

11. INSTAR had sold the decals in question to a customer in Minnesota.

12. They were fired onto tiles and transferred by that customer to a woman in Wisconsin, who attached the tiles to furniture and brought them to Illinois where she displayed them at the craft show.

13. With regard to the subject matter of this action, that

---

[1] Most or all of the decals sold were discounted from the list price on INSTAR's website.

is INSTAR's only contact with Illinois. It is patently insufficient to confer specific jurisdiction on this Court.

14. Even if the Court did have *in personam* jurisdiction over INSTAR, however, venue would not be proper here.

15. Other than plaintiff, all of the witnesses and relevant evidence are located in New Jersey.

16. INSTAR, of course, is located in New Jersey, as are its books and records and all remaining copies of the allegedly infringing designs.

17. On information and belief, Tile Art, plaintiff's licensee and the entity that transferred the designs to INSTAR, is a New Jersey LLC.

18. Despite the assertion in the complaint that "a substantial part of the events giving rise to the claim have occurred in this District (Complaint, ¶ 6)," the fact is that no relevant event has occurred here, no relevant evidence is located here and jurisdiction does not lie here.

WHEREFORE, the within motion should be granted in its entirety.

_____

Sworn to before me this 30th day of April, 2008

_____
Notary Public

TIA LYN RICARDO
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires June 27, 2012

-3-

**EXHIBIT B**

**RANDOLPH Z. VOLKELL**
ATTORNEY AT LAW
14 WOODLAND TERRACE
MERRICK, NEW YORK 11566

TELEPHONE (516) 771-0300
FACSIMILE (516) 771-4250

March 7, 2008

Jill M. Kastner, Esq.
Reinhart Boerner Van Deuren
1000 North Water Street
Milwaukee, WI 53202

*Richter v. INSTAR*

Dear Ms. Kastner:

    This will confirm our telephone conversation of this date. First, thank you for agreeing to provide a copy of the license agreement that existed between your client and Tile Art. If you know the date that the license "self-terminated," please provide that as well.

    As we have discussed, we do not agree that the Northern District of Illinois would have jurisdiction of this matter or be an appropriate venue. Further, under the facts of this case, it is difficult to see how your client could expect more than minimum statutory damages of $750 per design for the seven designs at issue; indeed, it seems likely that our client would sustain its burden under § 504(c)(2) and have the award reduced to $200 per design.

    In light of all that, it is hard to accept you client's demand for $50,000-60,000 as a good faith offer. Our client received the designs from a source it believed legitimate, and removed them from sale immediately on learning that there was any question as to their authority to continue selling them; it did so prior to receiving any cease and desist letter, based solely upon a telephone call from your client raising the question.

    We continue to believe that service of the complaint you have filed would violate Rule 11; nonetheless, if you are willing to make a reasonable offer, we would still be happy to attempt to negotiate a reasonable settlement.

Jill M. Kastner, Esq.                                              Page 2

    We look forward to receiving a copy of the license and to continued discussion.

    Thank you for your attention to this matter.

Very truly yours,

RZV:hb