# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

### WESTERN DIVISION

| | | |
|---|---|---|
| PAT RICHTER<br>a citizen of Illinois,<br><br>Plaintiff,<br><br>vs.<br><br>INSTAR Enterprises International, Inc.,<br>a New Jersey corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 08-C-50026<br><br>Judge Kapala<br>Magistrate Judge Mahoney |

### PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Plaintiff Pat Richter (hereinafter, "Ms. Richter" or "Plaintiff"), through her attorneys of record, hereby opposes the motion of Instar Enterprises International, Inc. ("Instar") as follows:

### I.    INTRODUCTION

Ms. Richter is a local artist who discovered infringing copies of her works being sold locally at art shows in the Northern District of Illinois. The defendant, Instar, admits that it sold Ms. Richter's copyrighted works and that as a direct result, copies of those works were displayed and sold in the Northern District of Illinois. Instar also (1) infringed Ms. Richter's copyrighted works by displaying them on its website and transmitting electronic copies of the works to computers in Illinois, (2) runs a fully interactive website accepting sales from Illinois residents, and (3) has sold and shipped its products to Illinois residents. Because Instar has purposefully availed itself of the laws of Illinois by committing and contributing to acts of infringement within the state and by

selling and offering products for sale in Illinois, there are sufficient minimum contacts for the Court to exercise personal jurisdiction.

Moreover, because acts of infringement took place in the Northern District of Illinois and because Ms. Richter felt the harm and suffered damages in Illinois, venue is most appropriate here.

## II.    BACKGROUND

Pat Richter is a local, Illinois artist living and painting in Belvidere, Illinois. (Complt.) For more than 20 years, Ms. Richter and her husband have been earning a living by selling Ms. Richter's artwork at local art and craft shows, as well as over the internet. (Richter Decl. at ¶ 11.) Her many copyrighted works include the eleven (11) different works at issue in this case. (Complt.)

### A.    Instar's Acts Caused Infringing Copies of Ms. Richter's Works to Be Displayed and Offered for Sale in the Northern District of Illinois.

In early November 2007, infringing copies of Ms. Richter's works were found on display and for sale at an art show at Arlington Park Racetrack in Arlington, Illinois. (Richter Decl. at ¶ 3.) The salesperson at the booth displaying and selling the infringing works admitted that the infringing works were made from decals purchased from Instar. (*Id.*)

After the show at the Arlington Park Racetrack, infringing copies of Ms. Richter's works were also on display and being offered for sale at the Odeom show at Villa Park, Illinois. (Richter Decl. at ¶ 4.) The salesperson at this booth admitted that she had gotten the decals to make these copies from Instar. (*Id.*)

Again in late 2007, the local art show at the Metro Center in Rockford, Illinois included a booth displaying and selling infringing copies of Ms. Richter's copyrighted

works. (Richter Decl. at ¶ 5.) The salesperson provided information showing that the decals from which these copies were manufactured came from Instar. (*Id.*)

**B.    Instar Infringed Ms. Richter's Copyrights by Making Electronic Copies of Her Works and Sending them to Potential Customers, Including Sending the Infringing Copies to Computers in the Northern District of Illinois.**

After learning of the unauthorized copies, Ms. Richter's husband, David Richter, went onto the internet to find Instar's website. (Richter Decl. at ¶ 6.) Mr. Richter found that Instar was displaying Ms. Richter's copyrighted works on its website and was offering to sell the infringing works without Ms. Richter's authorization. (*Id.*)

Instar's website is fully interactive. (*Id.*; Richter Decl. at ¶ 8.) Illinois customers can buy products and have them shipped directly to them in Illinois. (*Id.*; Richter Decl. at ¶ 8.) Instar's website also directly transmitted electronic copies of Ms. Richter's works that Instar was offering for sale. (*Id.*; Richter Decl. at ¶ 8.) Instar sent no fewer than eight (8) of Ms. Richter's copyrighted works to users in Illinois. (Richter Decl. at ¶ 6.) These infringing images were not only displayed on a computer monitor in Boone County, Illinois, but the files containing those electronic images were sent to Illinois users and stored in the cache files on that computer in Boone County, Illinois. (Richter Decl. at ¶¶ 7-8.)

Instar's website also includes its copyright policy. (Richter Decl. at ¶ 9.) That policy reads: "The designs on this web site are original artistic works and are protected by copyright laws worldwide. The making of copies of these decals, or dealing in goods carrying copied decals constitutes infringement and will be pursued by legal action. Courts frequently order the destruction of infringing copies as well as award damages." (*Id.*)

3

On November 16, 2007, Mr. Richter called Instar and informed them that their display of Pat Richter copyrighted works and their sale of decals copying Pat Richter copyrighted works was a violation of the law and demanded that the images be immediately removed from the website, that they immediately stop selling infringing decals, and that any remaining decals be immediately returned to Pat Richter. (Richter Decl. at ¶ 10.) The individual with whom Mr. Richter spoke on the telephone denied selling Ms. Richter's works and said he refused to do what was requested. (*Id.*)

**C.    Instar Sells Products in Illinois and Throughout the Midwest Knowing the Products Will Come to Illinois.**

Instar sells products to persons in Illinois. (Richter Decl. at ¶ 11.) Instar does not deny and cannot dispute this fact.

Works made from Instar decals are routinely displayed and offered for sale at art and craft shows in northern Illinois, including Rockford, Arlington and Chicago. (Richter Decl. at ¶ 12.) Additionally, Instar also routinely sells its products to customers throughout the Midwest, knowing that these products will be used to make items that are displayed and sold at trade shows throughout the Midwest, including Illinois. (Rogers Decl. at ¶¶ 11-12; Richter Decl. at ¶ 11.)

## III.    ARGUMENT

**A.    This Court Has Personal Jurisdiction Over Instar Based Upon Instar's Actions Purposefully Availing Itself of the Laws of Illinois.**

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of claims when the district court lacks personal jurisdiction. The Illinois long-arm statute contains a "catch-all" provision which allows Illinois courts to assert personal jurisdiction to the maximum extent permitted by the United States Constitution. *See* 735 Ill. Comp. Stat.

4

5/2-209(c). Thus, personal jurisdiction under Illinois law is coextensive with federal due process requirements.

In order for Illinois to assert personal jurisdiction over a foreign defendant, the defendant must have sufficient contacts with Illinois that would provide a fair warning that those contacts may subject the defendant to jurisdiction in Illinois. *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). The minimum contacts requirement can be satisfied even if the defendant did not physically enter the forum state. *Id.* at 476. Business transactions conducted via mail and wire across state lines circumvents the need for physical presence. *Id.*

When reviewing a motion to dismiss, the court takes all jurisdictional allegations in the complaint as true unless controverted by the defendant's affidavits. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

Any conflicts between the parties' affidavits must be resolved in favor of the plaintiff. *Id.*; *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997).

### 1.    This Court Has Personal Jurisdiction Over Instar Because Instar Committed Acts of Infringement in Illinois.

Infringement of intellectual property rights is a tort. *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, 8 F.3d 441, 445, 447 (7th Cir. 1993). The commission of a tort in the state of Illinois confers personal jurisdiction in Illinois. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997). The unauthorized display of a copyrighted work constitutes an act of infringement and is a tort for purposes of establishing personal jurisdiction. *Id.*

Here, Instar displayed infringing copies of Ms. Richter's works in Illinois. Instar made unauthorized electronic copies of Ms. Richter's copyrighted works and then sent

those images to computers, including computers in Illinois, with an offer to sell the infringing goods. (Richter Decl. at ¶¶ 7-8.) Therefore, Instar committed the tort of infringement in Illinois, thus subjecting it to personal jurisdiction in this District.

### 2.    This Court Has Personal Jurisdiction Over Instar Because The Effects of its Infringement Are in Illinois.

Under the "effects doctrine," specific personal jurisdiction over a nonresident defendant is proper when the defendant's tortious actions aimed at the forum state cause harm to a plaintiff in the forum state, and the defendant knows such harm is likely to be suffered. *See Janmark, Inc. v. Reidy,* 132 F.3d 1200, 1202 (7th Cir. 1997). The Seventh Circuit has interpreted the effects doctrine broadly. *Id.*

In *Janmark*, the plaintiff, a seller of mini shopping carts, filed a complaint seeking a declaratory judgment that it had not infringed a competitor's copyright. *Janmark,* 132 F.3d at 1201. The plaintiff also asserted a claim for tortious interference with prospective economic advantage based upon a false claim of copyright infringement. *Id.* The plaintiff alleged that the California defendants placed a telephone call to one of the plaintiff's customers in New Jersey that caused the customer to cease buying shopping carts from the plaintiff. *Id.* The district court concluded that it lacked personal jurisdiction, but the Seventh Circuit reversed, reasoning that, because without an injury there is no tort and because a wrong does not become a tort until an injury has occurred, the location of the injury is vital to understanding where the tort occurred. *Id.* The Seventh Circuit concluded that, because the injury took place in Illinois, which resulted when the customer who received the defendant's telephone call cancelled its order with the plaintiff, the tort occurred in Illinois and was thus actionable in Illinois. *Id.*

The Seventh Circuit has applied the effects doctrine to other intellectual property

cases, holding that personal jurisdiction is proper in the state of the plaintiff's principal

place of business because the injury primarily occurs where the plaintiff lives.

*Indianapolis Colts, Inc. v. Metro. Baltimore Football Club, L.P.,* 34 F.3d 410, 411 (7th

Cir. 1994). In *Indianapolis Colts,* the only activity of the defendant in the forum state

was the nationwide televised broadcast of the defendant's football games. The court

found that, although there was no physical entry into the state, the effect of infringement

in Indiana would result in an injury that will be felt mainly in the owner's principal place

of business—Indiana. *Id.* By committing an act of infringement:

> the defendants assumed the risk of injuring valuable
> property located in [the plaintiff's home state]. Since
> there can be no tort without an injury, the state in which
> the injury occurs is the state in which the tort occurs, and
> someone who commits a tort in [the forum state]
> should . . . be amenable to suit there.

*Indianapolis Colts,* 34 F.3d at 411-412.[1]

Here, Instar's infringing activity have directly injured Ms. Richter in Illinois. Not

only did Ms. Richter suffer the harm in Illinois, where she lives and works, but Instar's

tortious conduct resulted in infringing copies of Ms. Richter's works being displayed on

---

[1] *See e.g., Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 835 (N.D. Ill. 2000) ("[P]ersonal jurisdiction is proper in the state of the plaintiff's principal place of business because the injury primarily occurs where the plaintiff lives."). Similarly, in *Bunn-O-Matic,* the District Court held that personal jurisdiction was appropriate because, since the plaintiff had its principal place of business in Illinois, it was reasonable to conclude that the injury of infringement will be felt mainly in Illinois. *Bunn-O-Matic Corp. v. Bunn Coffee Service Inc.,* 46 U.S.P.Q.2d 1375, 1377, 1998 WL 207860. The District Court rejected defendant's argument that personal jurisdiction could not rest on mere injury. The Court held that either (a) entry was not required for an exercise of personal jurisdiction under these circumstances, or (b) if there was an entry requirement, it was satisfied by defendant's conduct in constructing a website that was accessible to residents of the forum state. *Id.* at 1376-1377.

Illinois computers and displayed and sold at multiple trade shows in the Northern District of Illinois.  (Richter Decl. at ¶¶ 3-5.)

> **3.    Exercising Personal Jurisdiction Over Instar Comports with Due Process Based on Instar's Many Contacts with Illinois, Including its Fully Interactive Website, its Sales to Illinois, and Placing Infringing Products into the Stream of Commerce.**

Instar's commission of a tort in Illinois and the fact that the effects of Instar's infringement are felt in Illinois are sufficient in themselves to confer personal jurisdiction.  They are, however, by no means the full extent of Instar's contacts with Illinois.

- Instar sells product to Illinois customers (Richter Decl. at ¶ 11);[2]

- Instar's products are routinely on display and/or for sale at local art and craft shows in the Northern District of Illinois (Richter Decl. at ¶ 12);[3] and

- Instar operates a fully interactive website.

"[T]he likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).  A defendant who operates a fully interactive

---

[2] Instar does not deny that it sells product to Illinois customers.  It merely claims that such sales are not a large percentage of its total sales.  Further discovery will be needed to determine if such sales to Illinois customers are continuous and systematic.

[3] Instar admits that infringing copies of Ms. Richter's works entered Illinois as a direct result of Instar's sales. (Rogers Decl. at ¶¶ 11-12.)  These admissions also illustrate that Instar is aware that its products are used across state lines and are likely to enter Illinois through the stream of commerce. *See generally, Saia v. Scripto-Tokar Corp.*, 186 Ill. App. 3d 419 (1st Dist. 2006) (personal jurisdiction found where defendant's products entered Illinois through the stream of commerce).

website permitting sales in the forum state subjects itself to personal jurisdiction. *Euromarket Designs, Inc. v. Crate & Barrel Limited*, 96 F. Supp. 2d 824, 838 (N.D. Ill. 2000) (finding personal jurisdiction in infringement case based on defendant's fully interactive website which solicited and permitted sales.)[4]

Instar's operation of a fully interactive website, combined with its sales to Illinois and surrounding states, knowing that its products will enter the stream of commerce in Illinois, creates sufficient contacts with Illinois for this Court to exercise personal jurisdiction over Instar.

**B.    Venue Is Proper in Illinois Because the Injury and Many of the Relevant Events Occurred in Illinois.**

Venue is proper where the acts of infringement occurred and/or where the harm resulting from that infringement is felt. 28 U.S.C. § 1400(b); *IP Innovation LLC v. Lexmark, Inc.*, 289 F. Supp. 2d 952, 954 (N.D. Ill. 2003). As shown above, events relevant to this action, including acts of infringement and the harm resulting from Instar's acts of infringement occurred in Illinois.

Instar's own cases help to show that venue is proper here. In *Panterra Engineered Plastics, Inc. v. Transportation SYS. Solutions, LLC*, the court rejected the defendant's argument that the events all took place in a different forum, finding both personal jurisdiction and proper venue. 455 F. Supp. 2d 104, 114 (D. Conn. 2006). The court also

---

[4] Instar cites *Berthold Types Ltd. v. European Mikrograf* for the contrary result. However, in *Berthold Types*, the court found that it did not have personal jurisdiction because the defendant's website was informational only and did not permit direct sales – unlike Instar's website, which permits direct sales. 102 F.Supp.2d 928, 932-33 (N.D.Ill. 2000). The court recognized that: "Under this framework, courts can appropriately exercise personal jurisdiction over those defendants who . . . [are] actively conducting business on the Internet." *Id.* at 932.

refused to transfer venue away from the plaintiff's home district and chosen forum. *Id.* at 114-15.

In *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1195, 1215 (D.N.J. 1993), the court rejected the accused infringer's argument that venue was improper. Instead, the court found there was no personal jurisdiction. Similarly, in *Gaines, Emhof, Metzler & Kriner v. Nisberg*, 843 F. Supp. 851 (W.D. N.Y. 1994) and *Bassili v. Chu,* 242 F. Supp. 2d 223 (W.D.N.Y. 2002), the court found venue was improper because there was no personal jurisdiction. Here, as shown above, this Court has personal jurisdiction over Instar.

At the very end of Instar's motion, it alleges, without argument or support, that venue should be transferred to New Jersey pursuant to 28 U.S.C. § 1404(a). It is well-established that a motion under 28 U.S.C. § 1404(a) will not be granted simply to shift the balance of inconvenience from the defendant to the plaintiff. *Millennium Products, Inc. v. Gravity Boarding Co., Inc.*, 127 F. Supp. 2d 974, 980 (N.D. Ill. 2000) (denying motion to transfer venue). Instead, to prove that such a transfer is warranted, Instar bears the burden of proving that the interests of justice dictate that New Jersey "is clearly more convenient." *Id.* This is a difficult burden to meet where, as here, Ms. Richter's choice of this District is entitled to substantial weight, particularly because it is her home district and because several of the material events took place here. *Millennium Products*, 127 F. Supp. 2d at 980; *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995) (plaintiff's choice of forum enjoys substantial deference, particularly when it is plaintiff's home forum).

The convenience of the parties comprises four separate considerations: The plaintiff's chosen forum, the location(s) of the material events, the relative ease of access to sources of proof, and the relative convenience for parties and their witnesses. *Amoco Oil Co. v. Mobil Oil Corp.,* 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000); *IP Innovation LLC v. Lexmark, Inc.*, 289 F. Supp. 2d 952, 954 (N.D. Ill. 2003) (court refused to transfer venue away from plaintiff's home district even when only a few of the infringing acts took place in forum state; court found that transferring venue would merely shift inconvenience from one party to another).

Here, Ms. Richter's chosen forum is the Northern District of Illinois. This is where Ms. Richter lives and works. (Complt.) The Northern District of Illinois is also the place where several known acts of infringement took place. The displays at the three art shows and Instar's act of sending infringing copies to Illinois computers are known to have occurred in Illinois. Although Ms. Richter expects that discovery will uncover many additional acts of infringement in other states, these were the infringing acts known at the time of the filing of the complaint.

Proof of the infringing acts is readily accessed in Illinois. Original documents and information regarding Ms. Richter's copyrights, her sales, and documents evidencing her losses are located in Illinois. Instar's interactive website can be viewed in Illinois, and printouts of Instar's display and transmission of the infringing copies are located in Illinois. Additionally, the witnesses to these acts of infringement, including witnesses at the art shows and witnesses to the electronic transmission of infringing copies to Illinois computers, are located in Illinois.

11

Instar claims, without support, that all relevant facts, documents and acts occurred in New Jersey.[5]  Instar's own supporting affidavit, however, proves this is not the case. Instar admits that it sold decals to a customer in Minnesota for firing into tiles, who then transferred the infringing works to a woman in Wisconsin, who displayed and sold the tiles at a trade show in Illinois.  That puts witnesses to Instar's act of infringement and resulting damages to Ms. Richter in Minnesota, Wisconsin and Illinois.  If Instar transmitted electronic images to these customers, that is yet another act of infringement that occurred outside of New Jersey.

Thus, of the known witnesses, it appears that there are several witnesses in Illinois and the surrounding Midwestern states, as well as several in New Jersey (according to Instar).  Similarly, of the known evidence, certain evidence will be located in Illinois and surrounding Midwestern states and other documents and evidence will be located in New Jersey.  There will likely be additional witnesses and evidence from other states.[6]  As such, these factors weigh in favor of neither Ms. Richter nor Instar.

Moreover, Illinois has a strong interest in resolving this matter.  Ms. Richter is an Illinois resident whose works have been *infringed in Illinois* and the *harm felt in Illinois*.

---

[5] Mr. Rogers' conclusory allegations and legal analysis should not be given any weight.  His assertions that "no relevant event . . . or evidence is located" in Illinois is a legal conclusion as to what information may be relevant.  Such conclusory statements should be ignored.  It is also clearly incorrect as it cannot be disputed that copyrights were registered to Ms. Richter in Illinois, that evidence regarding losses and damages would be located in Illinois, that information regarding licensing would be located in Illinois, and evidence of infringing activities (including the display in Arlington admitted by Mr. Rogers) would be located in Illinois.

[6] Instar has refused to provide Ms. Richter with information regarding where the infringing works were sent.  As a result, Ms. Richter has been further damaged because she has been unable to send cease and desist letters to Instar's clients—who could be continuing to make infringing copies of Ms. Richter's works.  Damages resulting from this infringement and, in particular, from this continued infringement are directly relevant to this action.

In short, Instar cannot meet its burden of proving that New Jersey is clearly a more convenient venue for this action. Therefore, Ms. Richter's selection of venue in her home district must be honored.

### IV.    CONCLUSION

Illinois is the place where Ms. Richter lives and works. It is also the place where Instar committed several acts of infringement of Ms. Richter's copyrighted works. Due to these acts of infringement and Instar's other contacts with Illinois, this Court has personal jurisdiction over Instar and venue is proper in this District.

Dated this 7th day of July 2008.

Respectfully submitted,

BY: /s/ David G. Hanson
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 2100
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097
dhanson@reinhartlaw.com
***Attorney for Plaintiff***
Pat Richter

MW\2333041

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

PAT RICHTER,

                        Plaintiff,

            v.                                    Case No. 08 C 50026

INSTAR ENTERPRISES INTERNATIONAL,
INC.,

                        Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2008, I electronically filed (1) Plaintiff's Opposition to Motion to Dismiss, and (2) Declaration of David Richter with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.


                                    /s/ David G. Hanson
                                    Attorney for Plaintiff
                                    Pat Richter

MW\2374109