```
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION


                                        )  Case No. 08-C-50026
PAT RICHTER,                            )
a citizen of Illinois,                  )
                    Plaintiff,          )
                                        )  Judge Kapala
        -against-                       )  Magistrate Judge
                                        )  Mahoney
INSTAR Enterprises International, Inc,  )
s/h/a a New Jersey Corporation,         )
                                        )
                                        )
                    Defendant.          )
```

**DEFENDANT'S REPLY**

Preliminary Statement

This reply is respectfully submitted on behalf of defendant, in reply to plaintiff's opposition and in further support of the within motion to dismiss. The relevant facts are set forth in the reply affidavit of Gary Rogers (the "Rogers Reply"), the affidavit of Gary Rogers (the "Rogers Aff.") and the supplemental affidavit of Gary Rogers (the "Supp. Aff."). This reply is limited to the issue of jurisdiction; as to venue, we rely on the original moving papers.

Introduction

At the outset, it should be noted that INSTAR has been completely forthcoming at all times about this matter. As soon as it was advised by telephone that there might be an issue as to its right to sell plaintiff's designs, INSTAR removed them from its website. This much is not contested, nor is it contested that INSTAR obtained the designs from plaintiff's licensee, Tile Art.

In contrast to INSTAR's openness, plaintiff deliberately avoids any reference to Tile Art, its licensee, despite her knowledge that INSTAR obtained the designs in question from Tile Art. Plaintiff disingenuously implies that it is unaware of the history of the designs and would happily have this Court conclude incorrectly that they were forgeries created by INSTAR.

The fact is that the designs were properly printed under a license and, when Tile Art, the licensee, went out of business, they were transferred, along with some office supplies, to INSTAR as partial payment of Tile Art's outstanding bill. Plaintiff's claim appears to be that such a transfer violated the license and somehow rendered the previously legitimate designs illegitimate.

INSTAR sold a total of only 239 of the offending designs, none in Illinois and each with a value of approximately two dollars. Knowing all of this, plaintiff chose to commence this action rather than negotiate a reasonable settlement. Plaintiff's bad faith is palpable; although the statute allows commencement of such action,

this action has no legitimate purpose. Plaintiff was not harmed in any real sense by the sale of 239 decals, and there has been nothing to enjoin since INSTAR voluntarily stopped selling plaintiff's designs a few hours after it learned there might be a problem.

Plaintiff's bad faith extends to her choice of forum. Plaintiff is fully aware that INSTAR has no ties to Illinois that would support jurisdiction here, and also knows that INSTAR is a tiny enterprise with limited resources. Plaintiff is doing everything in her power to make defense untenable, including the extraordinary step of refusing to consent to an extension of time to answer the complaint while INSTAR sought local counsel.

To find jurisdiction in this case would be to throw out the doctrine of *International Shoe* and abandon the notion that the Due Process Clause requires that a state's assertion of jurisdiction must not "offend traditional notions of fair play and substantial justice," *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

## **ARGUMENT**

Plaintiff's response ignores the differences between general and specific jurisdiction, instead appearing to argue for a sort of hybrid, addressing the more favorable requirements of each. The fact remains, however, that this Court has neither general

jurisdiction nor specific jurisdiction over INSTAR.

It is undisputed that INSTAR did not sell any infringing decals in Illinois. Indeed, the only allegation of purportedly infringing activity by INSTAR within Illinois is Mr. Richter's claim that he was able to view INSTAR's website from Illinois (Richter Declaration, ¶¶ 6-8). He did not attempt to purchase any decals through the site. This one viewing by Mr. Richter is clearly insufficient to establish specific jurisdiction and no real argument is made that the Court does have specific jurisdiction.

INSTAR's direct sales to Illinois are *de minimis* (Supp. Aff., ¶¶ 3-8), and manifestly not sufficient to support a finding of general jurisdiction, even under the broadest interpretation. Plaintiff's primary argument in support of general jurisdiction (although not identified as such) is that INSTAR puts goods into the "stream of commerce," knowing that some will end up in Illinois (*e.g.*, Plaintiff's Opposition, p.8).

The "stream of commerce" argument is not based on sound law, and plaintiff cites no federal cases in its support.[1] In *Asahi Metal Indus. V. Superior Court*, 480 U.S. 102 (1987), the plurality, building on the doctrine of *World-Wide Volkswagen Corp. v. Woodson*,

---

[1] Indeed, the one case that is cited, *Saia v. Scripto-Tokai*, 366 Ill.App.3d 419, 851 N.E.2d 693, 303 Ill.Dec 506 (Ill.App. 1 Dist. 2006) is mis-named, mis-cited and inapposite. In that case, defendant sought to avoid jurisdiction by marketing its product through a subsidiary, who distributed millions of defective lighters throughout the United States.

444 U.S. 286 (1980), specifically rejected the argument. Even those justices in the minority opinion who supported "stream of commerce" jurisdiction did so based on a heavy and regular flow of *Asahi*'s products into the forum state, not, as here, a few isolated pieces finding their way into Illinois.

INSTAR sold 239 allegedly infringing decals in all. The most likely destination was to hobbyists who would use them to decorate items in their own homes. A few reached Illinois circuitously, as detailed in the Rogers Aff., ¶¶ 11-12. This case represents the polar opposite of the situation in *Asahi*, where *Asahi* shipped hundreds of thousands of units to the forum state annually and its product accounted for 18% of the market. *Id*, at 480 U.S. 121, f.n. 4. No stretch of even the minority opinion in *Asahi* supports jurisdiction here.

What remains is the desperate argument that the mere existence of INSTAR's website somehow makes it amenable to suit in every jurisdiction in the world, including Illinois. In modern times, web commerce is equivalent to what mail order once was. The mere shipment of an occasional order into a state has never been a basis for jurisdiction.

A few early web cases such as *Zippo Manufacturing Co. V. Zippo Dot Com, Inc.*, 952 F.Supp 1119 (W.D.Pa. 1997), relied on by plaintiff, took the view that a fully interactive website could justify jurisdiction (we note, though, that the defendant in *Zippo*

had over 3000 paid subscribers in the forum state). More recently, another District Court in Pennsylvania has considered the question of fully interactive websites and concluded that

> [f]or the court to hold that general personal jurisdiction could be established solely by the existence of websites such as those at issue here [fully interactive] would deal a serious blow to the concept of personal jurisdiction. Virtually every corporation, domestic and foreign, would be subject to the general personal jurisdiction of every state. While personal jurisdiction and other legal doctrines must obviously evolve in light of new technologies, the court does not believe the time has yet come to abandon personal jurisdiction altogether.

*Molnycke Health Care v. Dumex Medical Surgical Products*, 64 F.Supp.2d 448, 455 (E.D.Pa. 1999).

Similarly, the Court of Appeals for the Federal Circuit has ruled that a fully interactive website that generated over $32,000 worth of sales in the forum state, an amount that dwarfs INSTAR's total Illinois sales, web or otherwise (likely by a factor of about 30), was insufficient to confer jurisdiction. *Hockerson-Halberdt v. Propet USA*, 62 Fed. Appx. 322, 338 (Fed. Cir. 2003); *McGill Technology v. Gourmet Technologies*, 300 F.Supp.2d 501, 507-508 (E.D.Mich 2004)(fully interactive website which generated single $4000 sale in forum state not sufficient for jurisdiction).

To hold that INSTAR's website constitutes "systematic and continuous" contact with Illinois for the purpose of jurisdiction would be to hold that millions of website operators around the

world, some of whom have never heard of Illinois, also have "systematic and continuous" contact with the state. Such a holding would certainly "offend traditional notions of fair play and substantial justice," *International Shoe, supra*, 326 U.S. at 316.

It is also important to comment on plaintiff's misguided attempt to justify the use of the "effects doctrine" in this case (Plaintiff's Opposition, pp.6-8). The issue has been addressed in defendant's memorandum of law in support of the original motion, but it is necessary to respond to several misstatements.

Plaintiff relies heavily on *Janmark v. Reidy*, 132 F.3d 1200 (7th Cir. 1997). In addition to being readily distinguishable from this case, as set forth in the original moving papers, *Janmark* has also been heavily criticized by other courts. *E.g., IMO Industries v. Kiekert AG,* 155 F.3d 254, 263 (3d Cir. 1998)(calling *Janmark* the "one counterpoint" to the majority view, concluding that the other cases were "better reasoned," and declining to follow *Janmark*).[2]

Plaintiff seeks to avoid consideration of this Court's ruling in *Berthold Types v. European Mikrograf*, 102 F.Supp.2d 928(N.D.Ill. 2000) by mischaracterizing it as having been cited only with respect to the question of website interactivity (Plaintiff's

---

[2] Those "better reasoned" cases included *Noonan v. Winston*, 135 F.3d 85 (1st Cir. 1998); *ESAB Group v. Centricut*, 126 F.3d 617 (4th Cir. 1997), *cert. denied*, 523 U.S. 1048 (1998); *Far West Capital v. Towne*, 46 F.3d 1071 (10th Cir. 1995); *General Electric Capital Corp. v. Grossman*, 991 F.2d 1376 (8th Cir. 1993); *Southmark v. Life Investors*, 851 F.2d 763 (5th Cir. 1988), *IMO,* 155 F.3d at 261-263.

Opposition, p.9, f.n.4). In fact, as noted in the memorandum of law, *Berthold Types* held that "intellectual property infringement takes place in the state of the infringing sales, rather than the state of the [] owner's domicile for purposes of the Illinois long-arm statute." It is thus directly applicable to the issue at hand and bars application of the "effects doctrine" in an intellectual property case such as this one.

Finally, we note that plaintiff's claim that INSTAR has refused to provide information regarding where the infringing works were sent (Plaintiff's Opposition, p.12, f.n.6) is simply false. Plaintiff has not requested that information, and INSTAR has not refused to provide it.

Plaintiff's behavior in this case is much like that of a schoolyard bully. It is loud and aggressive, and hopes to carry the day by sheer intimidation but ultimately it lacks substance. The case must be dismissed.

**CONCLUSION**

FOR ALL OF THE REASONS STATED HEREIN AND IN THE ORIGINAL MOVING PAPERS, THE COURT SHOULD GRANT THE WITHIN MOTION AND DISMISS THE COMPLAINT.

Dated: July 11, 2008

Respectfully submitted,

_____
Randolph Volkell
Attorney for Defendant
14 Woodland Terrace
Merrick, NY 11566
(516) 771-0300

_____
Michelle Landon
Attorney for Defendant
Picha, Salisbury & McCumber
1639 North Alpine Road
Rockford, IL 61107
(815) 227-4300