UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

|   |   |
|---|---|
| PAT RICHTER, a citizen of Illinois, Plaintiff, -against- INSTAR Enterprises International, Inc, s/h/a a New Jersey Corporation, Defendant. | Case No. 08-C-50026 Judge Kapala Magistrate Judge Mahoney **REPLY AFFIDAVIT** |

STATE OF NEW JERSEY }
COUNTY OF MIDDLESEX } ss:

GARY ROGERS, being duly sworn, deposes and says:

1. I am the senior vice president of INSTAR Enterprises International, Inc. ("INSTAR"), the defendant herein.

2. I make this affidavit in reply to the declaration of David Richter (the "Richter Dec.") and in further support of the within motion.

3. Mr. Richter has misstated a number of facts.

4. When Mr. Richter called me on the morning of November 16, 2007, I did not deny that we were selling Pat Richter designs. They were on our website. What I told Mr. Richter was that we had obtained the designs from a legitimate licencee, Tile Art, and I believed we were entitled to sell them.

5. We then had some internal discussions and I called Mr. Richter back in the afternoon, offering to pay a royalty if that would resolve the problem. He told me he would think about it

and get back to me.

6. We decided to remove the designs until the matter was resolved, and I did remove them that same day.

7. It took me until approximately 6:30 P.M. on November 16 to finish removing the designs from the website. I called Mr. Richter the next business day, on November 19, to advise him that the designs had been removed. His response was, "Too late. I already called my lawyer."

8. Despite his disingenuous account of our conversation (Richter Dec. ¶ 10), Mr. Richter does not claim, nor could he, that the designs remained on the site beyond November 16, 2007. It seems safe, however, to assume that he checked, particularly when I told him I had removed the designs.

9. Mr. Richter did not demand return of the designs. In fact, he told me on November 16 to "throw them in the trash." We did not do that; we packed them into a box and have set it aside pending resolution of this issue. To this day, we have not been asked to return the decals.

10. Neither plaintiff nor Mr. Richter has denied that Tile Art was a legitimate licencee, entitled to sell plaintiff's designs. Plaintiff, through counsel, has stated that the license "expired," but has not told us when it expired and has not, despite several requests and promises to do so, provided us with a copy of the license.

11. Plaintiff does not claim that INSTAR sold a single piece of her artwork in Illinois, and no such sale ever took place. A few decals were carried in by individuals who had purchased them in other states.

12. Plaintiff also does not claim that INSTAR has any presence or agent in Illinois, relying completely on its stream of commerce argument and the mere existence of INSTAR's website.

WHEREFORE, the within motion should be granted in its entirety.

_____

Sworn to before me this
8 day of July, 2008

_____
Notary Public

STEPHANIE MASSEY
Notary Public
State of New Jersey
My Commission Expires Jan 26, 2012

Stephanie Massey
7/8/08