UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**PARTIES' PROPOSED CASE MANAGEMENT ORDER**

I. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held in ___3:08-CV-50026___ on ___July 18, 2008___ and was attended by:

___Lisa Nester Kass___ for Plaintiff(s) _Pat Richter_  _____

___Michelle L. Landon___ for Defendant(s) _Instar Enterprises International, Inc., a New Jersey Corporation_

II. The Fed. R. Civ. P. 26(a)(1) material will be exchanged by ___September 22, 2008___.

III. Alternative Dispute Resolution Mediation. Counsels hereby certify that their clients have read the Pamphlet governing the court's mediation program, that counsels have discussed with their respective clients the available dispute resolution options provided by the court and private entities, and that counsels have given an estimation of the fees and costs that would be associated with the litigation of this matter, through trial, to their clients. Further, counsels have provided to their clients an estimate of the fees and expenses reasonably expected to be incurred through an early successful mediation. Counsels certify that they have discussed the available ADR options with their clients and have considered how this case might benefit from those options. Lastly, if this is a fee shifting case, defense counsels certify they have discussed the advantages and disadvantages of making a Rule 68 offer of judgment.

☐ Parties have agreed on early mediation. _____ has been chosen as the mediator. The mediation shall be held within 60 days of this order. Discovery (shall)(shall not) be stayed during the 60 days of referral. Pursuant to ADR local rules, this case is hereby referred to mediation. Counsels and parties will submit evaluations to the Court within ten days of the conclusion of mediation.

☐ Parties have agreed on mediation. _____ has been chosen as the mediator. The parties believe the best time to mediate would be _____ and request the matter be referred to mediation at that time. Counsels and parties will submit mediation evaluations to the Court within ten days of the conclusion of mediation.

☒ Parties request an immediate settlement conference with the Magistrate Judge, after decision on motion to dismiss.

☐ Parties plan to utilize private ADR. (Parties shall explain the private ADR and when it will take place).

☐ Parties request this case be excused from ADR.

IV. Discovery Plan. The parties jointly propose to the court the following discovery plan:

　A) Discovery will be needed on the following subjects:

　　Infringement of copyright

　　Damages resulting from copyright infringement, including defendant's profits.

　B) Maximum of ___25___ interrogatories by each party to any other party.

　C) Maximum of ___50___ requests for admission by each party to any other party.

　D) Maximum of ___10___ depositions by Plaintiff(s) and ___10___ by Defendants(s).

　E) Each deposition [other than of __experts and corporate representatives under 30(b)(6)__] shall be limited to a maximum of ___6___ hours unless extended by agreement of the parties.

　F) Fact discovery cut-off is set for __May 1, 2009__.

　G) Report from retained expert for the Plaintiff under Rule 26(a)(2) due __2-1-09__. Deposition of Plaintiff's expert shall be taken by __3-1-09__. Report from retained expert for Defendant under rule 26(a)(2) due __3-15-09__. Deposition of Defendant's expert shall be taken by __4-15-09__. Supplementations under Rule 26(e) will be scheduled by the court at the request of the parties.

　H) All discovery shall be cut off by __5-1-09__ (should be no longer than date for Defendant's expert deposition).

　I) Time for the parties to amend pleadings and add counts or parties is hereby established as __11-14-08__.

　J) The parties suggest the next discovery conference with the court be __11-14-08__.

All dispositive motions will be due 30 days after the fact discovery cut-off date unless otherwise ordered by the court and the parties agree pleadings, motions and briefs may be exchanged by e-mail, fax or other electronic means.

V. Electronically Stored Information.

　Electronically stored information that can reasonably be anticipated to be relevant to the litigation will be preserved. The primary source of electronically stored information for production should be active data and information used in the ordinary course of business.

　In order for the court to order a search, the requesting party will need to demonstrate that the need and relevancy of the material outweigh the cost and burden of retrieving and processing the electronically stored information from such sources, including the disruption of business and the information management activities.

　When balancing the cost, burden and need for electronically stored information, the courts and the parties will apply the proportionality standard embodied in Fed. R. Civ. P. 26(b)(2)(C) which requires consideration of the technological feasibility and realistic costs of

preserving, retrieving, reviewing, and producing electronically stored information, as well as the nature of the litigation and the amount in controversy.

All formats primarily used for backup or disaster recovery purposes and any computer servers, external hard drives, notebooks, or personal computer hard drives created for disaster recovery purposes and not used in the ordinary course of business operations are presumed to present a burden which outweighs the relevancy of data preserved in such formats and need not be searched absent relevance and special need.

Absent a showing of relevance and special need, a responding party will not be required to preserve, review or produce deleted, shadowed, fragmented or residual electronically stored information.

Rev. 7/08

Respectfully submitted,

*Michelle Landon* (signature)

Michelle L. Landon
Attorney for Defendant
Pica, Salisbury & McCumber, LLC
1639 North Alpine Road, Suite 300
Rockford, IL 61107


*David G. Hanson* (signature)

David G. Hanson
Attorney for Plaintiff
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202